**23SL-CC02550**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| VICKIE RAWLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | Division |
| LEAFFILTER NORTH, LLC, d/b/a | ) | |
| LEAFFILTER, | ) | |
| | ) | **Jury Trial Demanded** |
| Serve Registered agent at: | ) | |
| CSC – Lawyers Incorp. Serv. Company | ) | |
| 221 Bolivar Street, | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff Vickie Rawlins and for her Petition against Defendant LeafFilter

North, LLC d/b/a LeafFilter, states:

### BACKGROUND, PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Vickie Rawlins ("Rawlins") brings this case against Defendant LeafFilter

to protect her privacy rights, namely the right to be left alone from unwanted telemarketing phone

calls from Defendant LeafFilter North, LLC d/b/a LeafFilter ("Defendant"). Defendant incessantly

placed telemarketing calls to Ms. Rawlins despite: (1) not having the appropriate form of consent

to call Ms. Rawlins; (2) Ms. Rawlins's phone number being registered on the National Do-Not-

Call Registry; (3) Ms. Rawlins's phone number being registered on the Missouri No-Call List;

and, (4) repeatedly calling despite Ms. Rawlins requesting that Defendant stop calling her (*i.e.*

requesting that she be placed on Defendant's internal do-not-call list).

2.      Fortunately for Ms. Rawlins, Congress enacted the Telephone Consumer Protection

Act ("TCPA") in the early 1990s to protect consumers' privacy rights, namely, the right to be left

alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3.      The TCPA provides protections for persons like Ms. Rawlins who receive: telemarketing calls to which she has not consented, telemarketing calls after having registered her phone number on the National Do-Not-Call Registry, and telemarketing calls after requesting to be placed on the company's internal do-not-call list.

4.      The Missouri legislature acted similarly. Specifically, Missouri provides protections for persons, who, like Ms. Rawlins, register their phone number on the Missouri No-Call List, and continue to receive unwanted telemarketing calls.

5.      In the first five months of 2023 alone, approximately 23.5 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited June 12, 2023). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

6.      Ms. Rawlins is an individual who at all times material to this Petition resided in St. Louis County, Missouri, and is a citizen of the State of Missouri.

7.      Ms. Rawlins is the owner of a cell phone. The phone number associated with her cell phone is 314-XXX-7275.

8.     The cell phone account associated with this number is held in Ms. Rawlins's personal name.

9.     Ms. Rawlins uses this phone primarily for personal and household purposes, including communicating with friends and family members.

10.    Defendant is an Ohio Limited Liability Company that is registered a foreign Limited Liability Company in the State of Missouri. Defendant has been in good standing to transact business at all times relevant to this Petition.

11.    Defendant transacts business in Missouri and, according to its website, https://www.leaffilter.com/offices/leaffilter-of-st-louis/, Defendant has an office located in St. Louis County at 8 Worthington Access Drive, Maryland Heights, Missouri 63043.

12.    Defendant's business is primarily to protect gutter protection products and services to consumers. Defendant's services purport to provide consumers protections from clogged gutters.

13.    Defendant markets its products and services, in part, through telemarketing.

**Defendant's Incessant Telemarketing Calls**

14.    To avoid receiving unwanted telemarketing calls, Ms. Rawlins registered her phone number on the National Do-Not-Call Registry on May 16, 2018.

15.    To avoid receiving unwanted telemarketing calls, Ms. Rawlins registered her phone number on the Missouri No-Call List on November 17, 2020.

16.    On information and belief, in December 2022 and continuing through at least June 2023, Defendant placed telemarketing calls to Ms. Rawlins's phone number in an attempt to sell its products and services to Ms. Rawlins.

17.     Defendant placed numerous calls to Ms. Rawlins's phone using a prerecorded voice stating, "Hello. This is LeafFilter gutter protection calling to schedule your free estimate for the gutter protection system. Please call me back at 1-800-290-6106, USA or 844-211-4281 Canada. Thanks, and have a great day."

18.     The phone number 1-800-290-6106 appears on the homepage of Defendant's website, www.leaffilter.com.

19.     The incoming calls from Defendant including this prerecorded voice message or missed calls appeared on Ms. Rawlins's phone as being associated with Missouri area codes. The phone numbers that appeared on Ms. Rawlins's phone include, but are not limited to: (314) 377-5594, (314) 936-6588, (314) 936-6590, (314) 936-6593, (314) 936-6597, (314) 936-6606, (314) 936-6612, (314) 936-6614, (314) 936-6615, (314) 936-6616, (314) 571-6891, (314) 571-6892, and (314) 571-6893.

20.     Upon calling back each of the 314 area codes identified in the previous paragraph, the "Welcome to LeafFilter. This call may be recorded for quality and training purposes."

21.     On information and belief, Defendant placed over 50 telemarketing calls to Ms. Rawlins's phone.

22.     In February 2023 and multiple times thereafter, Ms. Rawlins requested that Defendant stop calling her.

23.     Despite Ms. Rawlins's requests to stop receiving calls from Defendant, on information and belief, Defendant placed at least 50 more calls to Ms. Rawlins after she requested that the calls stop.

24.     Defendant knew or had reason to know Ms. Rawlins's phone number was registered on the National Do-Not-Call Registry and the Missouri No-Call List, yet incessantly called her.

4

25.     The phone calls Defendant placed to Ms. Rawlins were harassing, irritating, invasive and annoying.

26.     Defendant's phone calls invaded Ms. Rawlins's right to privacy, namely the right to be left alone from unwanted telemarketing calls.

27.     Defendant's phone calls caused Ms. Rawlins to waste time addressing and/or responding to the unwanted calls.

### Count I – Violations of the TCPA, 47 U.S.C. § 227(b) *et seq.*
### (Prerecorded Voice Violations)

28.     Ms. Rawlins incorporates the allegations in the previous paragraphs as if fully stated in this Count.

29.     The TCPA states, in relevant part, "It shall be unlawful . . . (A) to make any call (other than a call . . . using [a] prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone . . . ." 47 U.S.C. § 227(b)(1).

30.     A prerecorded voice telemarketing call cannot be placed to a recipient without first obtaining the recipient's "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

31.     The term "prior express written consent" means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

32.     Ms. Rawlins did not provide "prior express written consent" as that term is defined in 47 C.F.R. § 64.1200(f)(9), to contact her on her cell phone or, alternatively, to the extent she provided such consent, Ms. Rawlins revoked said consent.

5

33.   The calls placed by Defendant to Ms. Rawlins were telemarketing calls because those calls encouraged the purchase of Defendant's products and/or services.   47 C.F.R. § 64.1200(f)(8)(i).

34.   The TCPA provides damages of $500 and up to $1,500 per violation. 47 U.S.C. § 227(b)(3).

35.   Defendant violated the Section 227(b) of the TCPA by placing the aforementioned prerecorded voice calls to Ms. Rawlins's cell phone.

36.   Ms. Rawlins is entitled to $500 per violation of Section 227(b) of the TCPA, and up to $1,500.00 for every violation determined to be willful.

WHEREFORE Plaintiff Vicki Rawlins requests the Court enter judgment against Defendant LeafFilter North, LLC d/b/a LeafFilter for $500 for each violation and up to $1,500.00 for each violation of Section 227(b) of the TCPA determined to be willful, for any applicable pre- or post-judgment interest, for her Court costs and for all other relief that this Court deems just and proper.

### Count II - Violations of the TCPA, 47 U.S.C. § 227(c) *et seq.*
### (National Do-Not-Call Registry Violations)

37.   Plaintiff incorporates the allegations of the previous paragraphs as if fully stated in this Count.

38.   Section 227(c)(5) of the TCPA and its accompanying regulation, 47 C.F.R. § 64.1200(c)(2), prohibit telemarketing calls to residential telephone subscribers who have registered their phone numbers on the National Do-Not-Call Registry.

39.   The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do-Not-Call Registry to receive more than one call on their phone

6

"within any 12-month period by or on behalf of the same entity" after the phone number has been on the Registry for more than 30 days. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(ii).

40.     The penalty for each call placed in violation of the TCPA's restrictions on calling phone numbers registered on the National Do Not Call Registry is up to $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. § 227(c)(5).

41.     Defendant violated the TCPA by contacting Ms. Rawlins despite her phone number being registered on the National Do-Not-Call Registry.

42.     Defendant knew or should have known that Ms. Rawlins's phone number was registered on the National Do-Not-Call Registry but called her anyway.

43.     Ms. Rawlins is entitled to up to $500 per violation of Section 227(c) of the TCPA (National Do-Not-Call Registry violations only), and up to $1,500.00 for every violation determined to be willful.

WHEREFORE Plaintiff Vicki Rawlins requests the Court enter judgment against Defendant LeafFilter North, LLC d/b/a LeafFilter for up to $500 for each violation and up to $1,500.00 for each violation of Section 227(c) (National Do-Not-Call Registry violations only) of the TCPA determined to be willful, for any applicable pre- or post-judgment interest, for her Court costs and for all other relief that this Court deems just and proper.

### Count III - Violations of the TCPA, 47 U.S.C. § 227(c) *et seq.* (Internal Do-Not-Call List Violations)

44.     Ms. Rawlins incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

45.     The TCPA provides that "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection" may recover up to $500 for each violation, and up to $1,500 for each violation, if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

46.     The regulations prescribed under Section 227(c) require companies like Defendant, who engage in telemarketing to institute "procedures for maintaining a list of persons who request not to receive telemarketing calls on or behalf of that person or entity" (*i.e.* to be placed on the Defendant's internal do-not-call list) *See* 47 C.F.R. § 64.1200(d).

47.     These procedures must meet several minimum standards, including, but not limited to:

(1) ***Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) ***Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) ***Recording, disclosure of do-not-call requests.*** If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) ***Identification of sellers and telemarketers.*** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

**(5) *Affiliated persons or entities.*** In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

**(6) *Maintenance of do-not-call lists.*** A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

*See* 47 C.F.R. § 64.1200(d)(1)-(6).

48.     Defendant failed to implement these minimum standards by repeatedly calling Ms. Rawlins after Ms. Rawlins persons requested that Defendant stop calling her.

49.     By calling Ms. Rawlins after her number should have been placed on Defendant's internal do-not-call list, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. § 227(c) and the TCPA's corresponding regulations.

50.     Defendant knew or should have known that Ms. Rawlins did not wish to be called and wished to be placed on Defendant's internal do-not-call list but continued to call her.

51.     Ms. Rawlins is entitled to up to $500 per violation of Section 227(c) of the TCPA (Internal Do-Not-Call Registry violations only), and up to $1,500.00 for every violation determined to be willful.

WHEREFORE Plaintiff Vicki Rawlins requests the Court enter judgment against Defendant LeafFilter North, LLC d/b/a LeafFilter for up to $500 for each violation and up to $1,500.00 for each violation of Section 227(c) (Internal Do-Not-Call Registry violations only) of the TCPA determined to be willful, for any applicable pre- or post-judgment interest, for her Court costs and for all other relief that this Court deems just and proper.

**Count IV - Violations of Missouri's No-Call Law, Mo. Rev. Stat. § 407.1098** *et seq.*

52.     Ms. Rawlins incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

53.     Section 407.1098 of Missouri's No-Call Law provides that "no person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state" who has registered their phone number on Missouri's No-Call List. Mo. Rev. Stat. § 407.1098.

54.     Defendant's calls to Ms. Rawlins were "telephone solicitations" because the calls were placed for the purpose of encouraging Ms. Rawlins to purchase Defendant's products or services. Mo. Rev. Stat. § 407.1095(2).

55.     Ms. Rawlins is a "residential subscriber" because she uses her cell phone primarily for personal or familial purposes. Mo. Rev. Stat. § 407.1095(3).

56.     Defendant knew or had reason to know Ms. Rawlins's phone number was registered on Missouri's No-Call List and that Ms. Rawlins advised Defendant to stop calling, yet Defendant continued to call her.

57.     The penalty for calling a person whose phone number is registered on Missouri's No-Call List is up to $5,000.00 for each violation of Missouri's No-Call Law. Mo. Rev. Stat. § 407.1107.3.

58.     Ms. Rawlins is entitled to up to $5,000 for each violation of Missouri's No-Call Law that was committed by Defendant.

WHEREFORE Plaintiff Vicki Rawlins requests the Court enter judgment against Defendant LeafFilter North, LLC d/b/a LeafFilter for up to $5,000 for each violation of Missouri's No-Call Law, for any applicable pre- or post-judgment interest, for her Court costs and for all other relief that this Court deems just and proper.

10

**BUTSCH ROBERTS & ASSOCIATES LLC**

By:/s/ *Christopher E. Roberts*
Christopher E. Roberts #61895
David T. Butsch #37539
231 S. Bemiston Avenue, Suite 260
Clayton, MO 63105
Telephone: (314) 863-5700
croberts@butschroberts.com
dbutsch@butschroberts.com

*Attorneys for Plaintiff*

11